Ms. Carol Billings, City Attorney Office of the City Attorney 200 E. 8th Avenue, Suite 203 Pine Bluff, AR 71601
Dear Ms. Billings:
You have requested an Attorney General opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), concerning the release of certain records under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 et seq.).
You indicate that the City of Pine Bluff has received a request for documents reflecting the following information:
 • Which elected officials receive health insurance benefits through their association with the city
 • Whether those officials receive individual or family health insurance coverage
• The premium amount paid by those elected officials
• The premium amount paid by the city of Pine Bluff on their behalf
You have determined, on the basis of previous Attorney General Opinions, that the requested documents should not be released.
I am directed by law to issue my opinion as to whether your determination regarding the release of the records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
RESPONSE
As an initial matter, I must note that your request raises an interesting issue that has never been squarely addressed by this office: whether records pertaining to elected officials constitute "personnel records" within the meaning of A.C.A. § 25-19-105(c)(3). In Opinion No. 97-331, one of my predecessors did treat such records as personnel records, but did not specifically analyze the issue. This issue is significant, because if the requested records do not constitute "personnel records," I am not authorized to issue an opinion concerning their release pursuant to A.C.A. § 25-19-105(c)(3)(B). The FOIA does not define the term "personnel records," as used therein, nor do we have any guidance from the Arkansas Supreme Court on this issue. It is my opinion that the answer to this question must turn on the nature of the particular record in question. I base this conclusion on my interpretation of the intent of the FOIA and its exemptions. The FOIA's exemption for personnel records,see A.C.A. § 25-19-105(b)(12), clearly recognizes that certain records can contain information in which individuals have a legitimate and protectable privacy interest. The exemption states:
 (b) It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter:
* * *
 (12) Personnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy;
A.C.A. § 25-19-105(b)(12).
I note that the exemption does not specify that "personnel records" are limited to the records of non-elected employees. Rather, the language of the exemption broadly refers to "personal privacy." Because both elected and non-elected officials have an interest in "personal privacy," it is my opinion that the exemption should be construed to protect the privacy interest of both elected and non-elected officials. Accordingly, I conclude that records containing personal information about elected officials should be treated as constituting those officials' "personnel records." A result of this conclusion is that I can appropriately issue an opinion in response to a request (such as yours) that is presented pursuant to A.C.A. § 25-19-105(c)(3)(B) concerning the release of such records. My conclusion that the requested records constitute the "personnel records" of elected officials of course does not mean that all such records should be withheld from disclosure. The Arkansas Supreme Court, in determining whether an individual has a protectable privacy interest in a particular personnel record, has applied a balancing test, weighing the public's interest in accessing the record against the individual's interest in keeping the record private. See Young v. Rice,308 Ark. 593, 826 S.W.2d 252 (1992). In my opinion, the fact that an official is an elected official should weigh in favor of the public's interest in accessing that official's "personnel records."
I now turn to a consideration of the particular records that have been requested. This office has consistently opined that information about specific public employees' health insurance coverage is private and should not be disclosed. See, e.g., Ops. Att'y Gen. Nos. 2002-043; 2001-112; 2001-080; 99-016; 96-134; 95-110; 94-234; 93-235; 87-442; 87-042. On the other hand, general information about a benefit package that is offered to all officials is generally deemed to be open to the public. See Op. Att'y Gen. No. 2002-043.
It is my opinion that the public has a prevailing interest in records that reflect the fact that an elected official receives health insurance coverage through the city, and in records that reflect the amount paid by the city for that coverage. In my opinion, the public's interest in such records outweighs any privacy interest the official may have in the records, and the records should therefore be released.
In contrast, it is my opinion that the elected officials' privacy interest in records reflecting the details of their health insurance coverage, such as whether dependents are covered and the amount that is deducted from their compensation for their coverage, is private information and outweighs the public's interest therein. Accord, Op. Att'y Gen. No. 87-442. Any records reflecting this type of private information should therefore be withheld from disclosure to the public.
I acknowledge that one of my predecessors opined, in connection with a mayor's pension plan, that since disclosure of the amounts contributed by the mayor to the pension plan was necessary to be able to calculate the expenditures of public funds for that plan, the amounts contributed by the mayor were releasable to the public. See Op. Att'y Gen. No. 97-331. Because I am not familiar with the health insurance benefits provided by the City of Pine Bluff to its employees and elected officials, I am unable to determine whether that principle would apply to the information that has been requested concerning the elected officials' health insurance coverage.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:SBA/cyh